| Matter of Neumann |
|---|
| 2024 NY Slip Op 30297(U) |
| January 23, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2016-4105/A |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

In the Matter of the Petition of Belinda Neumann
Donnelly, as Executor, to Determine the Validity and
Effect of the Notice of Election filed by Hubert Neumann
in the Estate of

       DOLORES ORMANDY NEUMANN,

                                  Deceased,

Pursuant to SCPA 1421.

------------------------------------------------------------------x

DECISION and ORDER

File No.: 2016-4105/A

New York County Surrogate's Court
DATA ENTRY DEPT.
JAN 2 3 2024

M E L L A, S.:

| Papers Considered | Numbered |
|---|---|
| Order to Show Cause in Motion for a Preliminary Injunction, with Affirmation of John R. Morken, Esq. in Support, Attaching Exhibits | 1, 2 |
| Affirmation of Aaron Solomon, Esq., in Opposition, Attaching Exhibits | 3 |
| Memorandum of Law in Opposition | 4 |
| Reply Affirmation, of Dan Rottenstreich, Esq., in Support of Preliminary Injunction, Attaching Exhibits | 5 |

At the call of the calendar on November 28, 2023, the court in its discretion denied the motion of Respondent Hubert Neumann (Hubert), which was brought by order to show cause, for a preliminary injunction against Belinda Neumann Donnelly (Belinda) as Executor of the estate of her mother, decedent Dolores Ormandy Neumann. Hubert sought to direct Belinda to maintain a balance of $7,011,227 in the estate account as the claimed value of Hubert's elective share, pending the outcome of this proceeding to determine the validity and effect of Hubert's notice of election (*see* SCPA 1421; EPTL 5-1.2[a][5] & [6]).

The court previously denied a summary judgment motion by Hubert (*Matter of Neumann*, NYLJ, Jan. 27, 2023, at 5, col 4 [Sur Ct, NY County]) and directed that the trial shall commence in January of 2024 on the merits of Belinda's claims that her father Hubert abandoned and failed to support decedent such that he should be disqualified from receiving his elective share as

spouse. Although by statute (CPLR 6312[c]), the existence of questions of fact for trial does not in and of itself preclude the preliminary injunction sought here, movant has not met his burden of establishing the usual elements for entitlement to this "drastic [provisional] remedy" (*Matter of Will of Nelson*, 110 AD2d 535, 536 [1st Dept 1985]), those being the likelihood of success on the merits, irreparable injury absent the preliminary injunction, and a balance of the equities that clearly favors granting injunctive relief (*id.* at 536, *citing Gulf & Western Corp. v New York Times Co.*, 81 AD2d 772 [1st Dept 1981]; *see* CPLR 6301).

On the likelihood of success on the merits, movant has provided an affirmation of counsel who has no personal knowledge of Hubert's conduct but to which documents are attached (*see Park S. Assoc. v Blackmer*, 171 AD2d 468 [1st Dept 1991]).[1] In considering those documents, including those bearing on the question of whether Hubert's departure from the marital home was consensual, the court notes that the allegations that Hubert emotionally and physically abused decedent and the surrounding factual circumstances are vigorously contested. On this record, it cannot be said that any party is "likely to succeed" (*see Matter of Mattera*, NYLJ, Nov. 7, 2013, at 22, col 5 [Sur Ct, NY County] [record rife with factual disputes rendered a finding of likelihood to succeed impossible]).

Irreparable injury for purposes of preliminary injunctive relief has been held to mean any injury for which money damages are insufficient (*see Matter of Spolan*, 73 Misc 3d 462, 469 [Sur Ct, Queens County 2021], *citing McLaughlin, Piven, Vogel v Nolan & Co.*, 114 AD2d 165,

---

[1] Although offering evidence from those with personal knowledge to support a preliminary injunction application is the best practice, courts are not prohibited from relying on the submissions, if competent, provided with an affirmation of counsel (*see JSC VTB Bank v Mavlyanov*, 154 AD3d 560 [1st Dept 2017]). The documents attached to the attorney affirmation may be considered (*id.*), and here, the court has considered such documents offered by both Hubert and Belinda.

2

174 [2d Dept 1986] and *Di Fabio v Omnipoint Communications Inc.*, 66 AD3d 635 [2d Dept 2009] [quotation and other citation omitted]). There is no question that the elective share is a "pecuniary amount" (*see Matter of Recupero*, 28 Misc 3d 1207[A] [Sur Ct, Bronx County 2010]), and therefore Hubert has not demonstrated irreparable injury (*see SportsChannel Am. Assoc. v Nat'l Hockey League*, 186 AD2d 417, 418 [1st Dept 1992] ["[D]amages compensable in money and capable of calculation" not irreparable]; *Matter of Nunberg*, NYLJ, Sep. 1, 1994, at 28, col. 2 [Sur Ct, Westchester County] [proceeds of sale of trust properties not entitled to be preliminarily enjoined as, among other things, only money damages were at issue]; *Matter of Simon*, NYLJ, Oct. 15, 1996, at 2, col 3 [Sur Ct, Westchester County] [no entitlement to restrain transfer or withdrawals from bank accounts at issue]).[2]

As to the balance of equities, Hubert owns or controls assets worth multiple millions of dollars, mainly works of art. On the other hand, there are no allegations of conversion or wrongdoing on the part of Belinda as Executor that would warrant court interference—through the issuance of a preliminary injunction—with her power as Executor to administer the estate (*cf. Cohen v Fiene*, 38 Misc 3d 1229[A], 2013 NY Slip Op 50333[U][Sup Ct, Suffolk County 2013]; *Matter of Asch*, NYLJ, Aug. 4, 2015, at 24, col 5 [Sur Ct, Richmond County]; *Matter of Keller*, 2017 NY Slip Op 31825[U][Sur Ct, NY County]). Instead, in opposition, Belinda substantiated that the significant outflows from the estate's account were for the payment of taxes, occurring after the amendment of the estate's tax return to reflect that the estate would not be taking the

---

2 The cases on which Hubert relies are distinguishable from the facts here as this matter does not involve traceable, identifiable funds that are indicated to have been or which may be converted (*see e.g.*, *Amity Loans, Inc. v Sterling Nat'l Bank and Trust Co. of N.Y.*, 177 AD2d 277 [1st Dept 1991]; *Crocker Commercial Servs. v Davan Enter.*, 88 AD2d 877 [1st Dept 1982]; *see AQ Asset Mgt LLC v Levine*, 111 AD3d 245, 259 [1st Dept 2013] [exception exists for converted assets where funds are identifiable]). Nor is this a case where damages are not calculable (*cf. Matter of Brion*, NYLJ, Sept. 28, 2012, at 35 [Sur Ct, Kings County]). Indeed, Hubert purports to calculate them on this motion.

3

[* 3]

marital deduction. Under these circumstances, the court found that the harm caused to the estate if an injunction issued would be more burdensome than any injury that Hubert might suffer without an injunction.[3]

For these reasons, the court denied the motion for a preliminary injunction seeking a direction that decedent's Executor maintain a $7,011,227 balance in the estate account pending resolution of this SCPA 1421 proceeding.

This decision, together with the transcript of the November 28, 2023 proceedings, constitutes the order of the court.

Dated:   January 23, 2024

_____
                                    S U R R O G A T E

---

[3] Hubert previously moved to dismiss on the ground that Belinda was estopped from denying his marital status based on the estate tax return filings, and the court denied that motion (*Matter of Neumann*, NYLJ, Dec. 18, 2018, at 22, col 4 [Sur Ct, NY County]). The court also notes that it has not been asked on the current motion and does not opine on whether any action or inaction by the Executor was proper.

4